

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO
Attorney General

NICOLE GUERON
Deputy Chief Trial Counsel
(212) 416-6053

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 3 0 2007

November 26, 2007

**MEMO ENDORSED**

**BY FACSIMILE AND HAND DELIVERY**
The Honorable Laura Taylor Swain
United States District Judge
United States District Court
500 Pearl Street, Room 755
New York, N.Y. 10007

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do [not fax] such certification to Chambers.

Re:  People of the State of New York v. First American Corp. et al.,
     07 Civ. 10397 (S.D.N.Y.) (LTS) (HBP)

Dear Judge Swain:

We write respectfully to request the Court's assistance with a case management issue in the above-named case.

The Office of the Attorney General ("OAG") intends to move shortly to remand this case to New York State court, pursuant to 28 U.S.C. § 1447(c). Pursuant to Your Honor's individual rules, we have sent a letter briefly outlining the motion to counsel for defendants.

Defendants intend to move to dismiss the case as preempted by federal law. Pursuant to Your Honor's individual rules, they have sent a letter briefly outlining the motion to the OAG.

It is the OAG's position that the jurisdictional question of whether this case should be before a state or federal court logically precedes any analysis of whether the case should be dismissed on substantive grounds. Accordingly, we respectfully request that the Court (1) schedule a pre-motion conference, or a joint telephone conference call today, Monday, November 26, 2007, and (2) during that conference, set a case management schedule under which the parties will initially brief the OAG's motion to remand the case to state court, will await the Court's ruling on the motion to remand, and will brief defendants' motion to dismiss the case only if the Court denies OAG's motion to remand and retains jurisdiction over the case. We believe that this approach will conserve judicial resources and place jurisdictional issues at the front of the case, where they belong.

We have consulted with the defendants as to this request, and they have advised us that they do not consent to the request and that they believe that this requested Court conference is unnecessary.

Copies mailed/faxed to AG
Chambers of Judge Swain

120 Broadway-25th Floor •New York, New York 10271•Fax: 212-416-8068 •Nicole.Gueron@oag.state.ny.us

We thank the Court for its consideration of this request.

                              Respectfully,

                              Nicole Gueron
                              Deputy Chief Trial Counsel

cc:    Richard F. Hans, Esq. (by facsimile)
       Patrick Smith, Esq. (by facsimile)
       Thacher Proffitt & Wood LLP

> The request to delay briefing of the motion to dismiss is denied, as is the request for a conference. Motions may be interposed and briefed in accordance with the applicable federal, local and chambers practice rules. Any briefing schedule agreed to by the parties may be submitted for court approval.

                              SO ORDERED.

                              11/29/2007
                              LAURA TAYLOR SWAIN
                              UNITED STATES DISTRICT JUDGE