UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK
by ANDREW M. CUOMO, Attorney General
of the State of New York,

        Plaintiff,

  -v-                                                  No. 07 Civ. 10397 (LTS)(HP)

FIRST AMERICAN CORPORATION and
FIRST AMERICAN EAPPRAISEIT,

        Defendants.
----------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Plaintiff, the People of the State of New York, ("New York" or "the State"), through the Attorney General of the State of New York ("Attorney General"), brought this action in New York State Supreme Court against Defendants First American Corporation ("First American") and First American eAppraiseIT ("eAppraiseIT") (collectively "Defendants"), alleging violations of New York Executive Law § 63(12) and New York General Business Law (GBL) § 349 and unjust enrichment in violation of New York common law. Defendant removed the case to this Court, asserting that the Court has federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331.

        Plaintiff moves pursuant to 28 U.S.C. § 1447 to remand this case to New York State Supreme Court, asserting that the Court lacks subject matter jurisdiction. Defendants move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court first considered thoroughly the parties' submission in connection with Plaintiff's motion to remand the action for lack of subject matter jurisdiction. Because the Court finds that it lacks subject matter jurisdiction of the action, Plaintiff's motion to remand the case to New York State Supreme Court is granted.

The Court will not address Defendants' motion to dismiss the complaint.

## BACKGROUND

According to the Complaint that Plaintiff filed in the Supreme Court of the State of New York, County of New York ("Complaint"), Defendant First American provides real estate appraisal services to savings and loans, banks and other lending professionals through a wholly owned subsidiary, eAppraiseIT.  (See Notice of Removal, Ex. A, Complaint ¶ 4.)  Plaintiff alleges that Defendants improperly allowed Washington Mutual, Inc. ("WaMu"), Defendants' largest client, to hand-pick appraisers who provided home loan appraisal values that were high enough to permit WaMu's loans to close, and to improperly pressure eAppraiseIT appraisers to change appraisal values that were too low to permit closing.  (Compl. ¶ 8.)  Plaintiff alleges that Defendants, while publicly touting the independence of eAppraiseIT's appraisals, compromised the company's independence by permitting WaMu to select appraisers and to pressure appraisers to obtain desired the valuations (Compl. ¶ 8) to the detriment of borrowers and investors purchasing mortgaged-backed securities (Compl. ¶ 17).  Plaintiff alleges throughout the Complaint that the appraiser selection and appraisal manipulation practices described in the Complaint violate federal and state appraiser conduct standards.  Defendants' contention that the Court has federal question jurisdiction of this action, in which the only causes of action asserted in the Complaint are plead under state law, is based on the proposition that Plaintiff would have to prove a violation of the federal conduct standards in order to prevail.

## DISCUSSION

"[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."  United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  Under the relevant provision of

the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court." 28 U.S.C.A. § 1441(a) (West 2006).  Courts construe the removal statute narrowly out of respect for state court independence and in order to control the federal docket.  <u>Kings Choice Neckwear, Inc. v. DHL Airways, Inc.</u>, No. 02 Civ. 9580, 2003 WL 22283814 (S.D.N.Y. Oct. 2, 2003).  Thus, where a plaintiff moves to remand an action that a defendant has removed to federal court, it is the party seeking to sustain the removal and not the party seeking remand that bears the burden of demonstrating that removal was proper.  <u>Wilds v. UPS</u>, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003).  Defendants have failed to meet their burden of demonstrating the existence of subject matter jurisdiction supporting the proper removal of this action.

        Defendants assert in their removal petition that the Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.  Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 2006).  A court's jurisdiction pursuant to § 1331, or "federal question" jurisdiction, is governed by the "well-pleaded complaint rule."  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  That is, the existence of federal question jurisdiction is ascertained by examining the "well-pleaded" allegations of the plaintiff's complaint to ascertain whether a federal claim is asserted.  <u>Id.</u>  Potential defenses are ignored.[1]  <u>Id.</u>

        Under certain limited circumstances, federal question jurisdiction <u>can</u> lie over state law claims even in the absence of a direct federal claim.  As the Supreme Court recently stated, the Court has recognized "for nearly 100 years that in certain cases federal question jurisdiction

---

[1] For this reason, the Court does not consider Defendants' arguments insofar as they are premised on preemption of state regulation.

will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005). This doctrine, however, has been restricted over time so as to apply only to a limited subset of cases alleging state law claims that implicate federal law. Id. at 313. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314 (emphasis added). If a case asserting state law claims satisfies this three-part test, then it falls within the narrow category of cases asserting state law claims over which a federal court may exercise federal question-based subject matter jurisdiction.

In Broder v. Cablevision Systems Corp., 418 F.3d 187 (2d Cir. 2005), the Second Circuit, applying Grable, distinguished between cases in which a distinct state-law claim "necessarily raise[s] a stated federal issue" and those in which a federal issue is present "as only one of multiple theories that could support a particular claim." Id. at 194. The Broder Court explained that, although federal question jurisdiction could arise in the former category of cases, assuming that the other elements of the Grable test are satisfied, the existence of an implicit federal issue in the latter category of cases is insufficient to create federal jurisdiction. Id. The relevant inquiry is whether "at least one federal aspect of [Plaintiff's] complaint is a logically separate claim, rather than merely a separate theory that is part of the same claim as a state-law theory." Id.

The Second Circuit upheld the district court's exercise of removal jurisdiction in Broder because the plaintiff's contract claim and GBL claim each asserted two separate, distinct claims, and two of the claims necessarily raised a stated federal issue. Id. at 194-95. The asserted breach of contract claim was premised on the defendant's alleged violation of a specific provision of federal law, 47 U.S.C. § 543(d), as incorporated in the contract, and was held to be logically

separable from the claim that defendant had violated the contract by failing to comply with a specific section of New York Public Service Law ("PSL"), that was also incorporated in the contract. Id. at 194. The violation of these two provisions – the specific federal provision and the PSL section – were also the basis for the two logically separate claims that the defendant had breached the GBL. Id. at 194-95. Because Broder's claims encompassed a logically separate breach-of-contract claim alleging violation of a specific federal statutory provision and a logically separate GBL claim alleging a GBL violation based on that same federal statutory violation, federal question jurisdiction existed and removal was proper. Id. at 194-95. In making this determination, the court reviewed the relief sought and found that any doubt as to the distinct nature of the federal claim was eliminated by the plaintiff's request for a declaratory judgment that Cablevision's actions violated 47 U.S.C. § 543(d). Id. at 195. "One of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it." Id.

Defendants argue that, because the Complaint alleges that Defendants violated both state and federal law and regulations, this case falls within the narrow category of cases in which federal question jurisdiction arises from state law claims. However, as Grable and Broder make clear, the relevant inquiry is whether a federal issue is "necessarily" raised by the state law claims.

Here, the Attorney General alleges that Defendants have violated the Uniform Standard of Professional Appraisal Practice ("USPAP"), which is incorporated into New York, as well as federal, law. (Compl. ¶ 18.) The Attorney General contends that Defendant has failed to comply with New York law insofar as it incorporates the USPAP's requirement that appraisers "perform assignments with impartiality, objectivity, and independence, and without accommodation of personal interests" and that "[i]n practice, an appraiser must not perform as an

advocate for any party or issue." (Id.) The Attorney General also asserts that Defendants have violated New York Executive Law §160-y's prohibition on state-certified or state-licensed appraisers accepting fees for an appraisal assignment "contingent upon the appraiser reporting a predetermined estimate, analysis, or opinion or is contingent upon the opinion, conclusion or valuation reached, or upon the consequences resulting from the appraisal assignment." (Compl. ¶ 21.) According to the Complaint, Defendants publicly tout the independence and integrity of their appraisers while allowing WaMu to compromise the independence and accuracy of their appraisals. (Compl. ¶¶ 7-8.)

None of the three causes of action plead in the Complaint necessarily raises a federal issue within the meaning of Grable. N.Y. Executive Law § 63(12) authorizes the Attorney General to bring an action for injunction or damages against any person who "engage[s] in repeated fraudulent or illegal acts or otherwise demonstrate[s] persistent fraud or illegality in the carrying on, conducting or transaction of business." (N.Y. Executive Law § 63(12) McKinney (2008).) To establish "fraud" within the meaning of this provision, the Attorney General need only show that: "the targeted act has the capacity or tendency to deceive, or creates an atmosphere conducive to fraud." State v. General Electric Co., Inc., 302 A.D.2d 314, 314 (1st Dep't 2003). In order to establish a violation of Section 349 of New York's General Business Law, "(1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007). To succeed on a claim for unjust enrichment under New York law, the Attorney General must show that: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that 'equity and good conscience' require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000). The fact that the Complaint

includes allegations that Defendants' conduct violates federal laws and regulations does not "necessarily" raise a federal issue, because the state law violations and allegedly fraudulent practices described in the Complaint could, if proven, support the relief sought without proof of distinct violations of the cited federal provisions. Although the Attorney General could ultimately prevail on the asserted claims by proving a violation of federal law, he need not do so in order to succeed.

Consistent with the courts' practice of construing the removal statute narrowly, the Court will not read a necessary federal issue into a state claim where the Plaintiff has merely bolstered his state claim allegations by providing multiple theories of liability. Applying the well-pleaded complaint rule, the Court finds that the Attorney General's claims do not give rise to federal question jurisdiction. Because Defendants have failed to meet their burden of establishing that the Court has subject matter jurisdiction of this action, this action must be remanded.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for remand is granted. The Clerk of Court is respectfully requested to terminate Docket Entry No. 15 and promptly effectuate the remand of this case to the Supreme Court of the State of New York, New York County.

Dated: New York, New York
July 8, 2008

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge